# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, )<br>2400 Research Boulevard, Suite 500, )<br>Rockville, MD  20850, )<br>          )<br>     Plaintiff. )<br>          )<br>     v. )<br>          )<br>GREAT LAKES ELECTRICAL )<br>CONTRACTORS, INC., )<br>an Illinois corporation, )<br>1316 Old Skokie Road )<br>Highland Park, IL 60035, )<br>          )<br>     Defendant. ) | Civil Action No. 8:18-cv-0591 |

## COMPLAINT

1.     This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund (the "NEBF"), to collect delinquent contributions owed to the NEBF by Defendant Great Lakes Electrical Contractors, Inc., an employer that is obligated to contribute to the NEBF pursuant to the provisions of its collective bargaining agreements and the NEBF plan documents.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e).  This action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3),

and 1145.  Venue is proper because the NEBF is administered within this district.  ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

### PARTIES

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA").  Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions.  The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Upon information and belief, Defendant is an Illinois corporation whose business address and main place of business is 1316 Old Skokie Road, Highland Park, IL 60035.

### STATEMENT OF CLAIM

6. Defendant is a signatory, and has been a signatory continuously during all relevant periods, to one or more collective bargaining agreements (the "Collective Bargaining

Agreements") with IBEW Local Unions 117, 134, and 150 as the collective bargaining representatives of Defendant's employees. Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements during all relevant times.

7. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8. The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, audit fees, and all costs and attorneys' fees, incurred in collecting the delinquency.

9. According to monthly payroll records submitted by Defendant and recent audits of Defendant's books and records, Defendant owes contributions to the NEBF on behalf of its employees covered by the Collective Bargaining Agreements for the periods of July 2013 through September 2017.

10. Defendant failed to pay the NEBF at least $10,654.43 in contributions for the aforementioned periods.

11. Interest (calculated at the rate of 10% per annum through the present) on the aforementioned delinquent and other late paid NEBF contributions is equal to $1,859.177.

12. Liquidated damages (calculated at the rate of 20%) on the aforementioned delinquent and other late paid NEBF contributions are equal to $2,130.88.

3

13.     The cost to the NEBF of the aforementioned audits, which cost is to be borne by Defendant, was $515.55.

14.     NEBF has incurred attorney's fees and costs in connection with its attempt to collect the delinquent contributions.

15.     Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Defendant, upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute.  This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

16.     Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents.  29 U.S.C. § 1145.

17.     Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action.  29 U.S.C. § 1132(a)(3).

18.     Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment include:

(a)   **$10,654.43**, representing delinquent NEBF contributions for the periods of July 2013 through September 2017;

(b)   **$1,859.17**, representing interest on the aforementioned delinquent contributions, calculated at the rate of 10% per annum compounded monthly through the date hereof;

(c)   an order that interest shall accrue on all delinquent contributions at the rate of 10% per annum until paid in full;

(d)   **$2,130.88**, representing liquidated damages in the amount of 20% of the aforementioned delinquent and other late paid NEBF contributions;

(e)   **$515.55**, in fees for the cost of the audit of Defendant's books and records;

(f)   an award of all reasonable attorneys' fees and the costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated:  February 27, 2018          */s/  Jennifer Bush Hawkins*
                                   Jennifer Bush Hawkins  (13064)
                                   POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
                                   900 7th Street, N.W., Suite 1020
                                   Washington, DC 20001
                                   Phone:  (202) 223-0888
                                   Fax:     (202) 223-3868
                                   jhawkins@phk-law.com

                                   *Attorney for Plaintiff*
                                   *National Electrical Benefit Fund*